Approved: _____
          Marcia S. Cohen
          Assistant United States Attorney

Before:   THE HONORABLE PAUL E. DAVISON
          United States Magistrate Judge
          Southern District of New York

                                                    21-mj-03591

------------------------------X
                              :
UNITED STATES OF AMERICA      :   COMPLAINT
                              :
                              :   Violations of 18 U.S.C.
     -v-                      :   §§ 2252A(a)(2)(B) and
                              :   (b)(1)
                              :
DIMAS RAMIREZ,                :
                              :   COUNTY OF OFFENSES:
              Defendant.      :   Rockland
                              :
------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    KEVIN GONYO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

COUNT ONE

(Receipt and Distribution of Child Pornography)

    1.  On or about February 26, 2021, in the Southern District of New York and elsewhere, DIMAS RAMIREZ, the defendant, knowingly received and distributed material containing child pornography that had been mailed, and using means and facilities of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, RAMIREZ distributed a file containing child pornography from a computer in Rockland County via a Peer-to-Peer networking program.

        (Title 18, United States Code, Sections 2252A(a)(2)(B)
                         and (b)(1).)

    The bases for my knowledge and for the foregoing charges are as follows:

2. I have been a Special Agent with the FBI since May 2016. As part of my duties, I have conducted and participated in numerous investigations of criminal activity involving crimes against children, including the receipt, possession, and/or distribution of child pornography by electronic means, sexual exploitation, and enticement of minors. I have gained expertise in the conduct of such investigations through, among other things, training in seminars, classes, and everyday work related to conducting these types of investigations. I have conducted or participated in the execution of search warrants; interviews of informants, cooperating witnesses, and other witnesses; and reviews of business and other records. In part through my training, education, and experience, I have become familiar with the manner in which acts of sexual exploitation of children are committed.

3. I have been personally involved in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about this matter, my training and experience, and numerous discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

## Definitions

4. The following terms have the indicated meaning in this Complaint:

   a. The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

   b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

   c. "Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and

includes any data storage facility or communications facility directly related to or operating in conjunction with such device.  See 18 U.S.C. § 1030(e)(1).

Technical Background

5.   Based on my training, experience, and information related to me by other law enforcement agents, I know the following:

a.   An Internet Protocol ("IP") address is a unique numeric address used to identify a particular computer connected to the Internet.  An IP address looks like a series of numbers separated by periods.  Every computer connected to the Internet must be assigned an IP address so that communications from or directed to that computer are routed properly.

b.   The Internet is a global network of computers and other devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when devices communicating with each other are in the same state.

6.   This investigation involves a Peer to Peer ("P2P") file sharing network called BitTorrent.  Based on my review of documents and conversations with other law enforcement officers, I have learned the following, in sum and substance, regarding BitTorrent:

a.   P2P file sharing allows people using P2P software to download and share files with other P2P users using the same or compatible P2P software.  P2P software is readily available on the Internet and is often free to download.  Internet-connected devices, such as computers, tablets, and smartphones, running P2P software form a P2P network that allows users on the network to share digital files.

b.   Because of their relative ease of use and perceived anonymity, many P2P networks provide readily available access to child pornography.  I know from using P2P file sharing software that the search results presented to a user allow the user to select a file and then receive that file from other users around the world.  I am aware that these users can receive the selected file from numerous sources at once.

c.   On a P2P network, different copies of the same file may have different file names.  However, each file has a corresponding hashed algorithm value ("hash value") which

uniquely identifies it on the network.  The hash value is often referred to as a digital signature, which is akin to a fingerprint.  P2P software uses these has values to determine whether files hosted on different computers with different names are, in fact, the same file.

        d.    One method employed by law enforcement agents to investigate crimes involving child pornography is the use of investigative software.  Such software is designed by and for law enforcement and is available to law enforcement officers who have been trained in the software.  Such software can be used by law enforcement agents to obtain the IP addresses of computers that have a P2P network installed and that have individual files available for download with hash values that correspond to videos or images of known child pornography.  Such software can also be used by law enforcement to download files from one specific user of a P2P network, which is different from the consumer version of a P2P network that typically draws files from multiple users at a time.

        e.    BitTorrent is one of many P2P networks.  For a user to become part of the BitTorrent network, the user must first obtain BitTorrent software and install it on an Internet-connected device.  When the BitTorrent software is running and the device is connected to the Internet, the user will be able to download files from other users on the network and share files from their device with other BitTorrent users.

        f.    Users of the BitTorrent network who seek to share content use a BitTorrent program to create a "torrent" file for the file or group of files that the user wishes to share.  A torrent file is a small file that contains information about the file or files contained within it and provides a method for another user to download that file or those files.

        g.    Users of the BitTorrent network may locate torrent files via keyword searches on Internet sites that host or link to them.  Torrent files may also be located by their hash value or "infohash," which uniquely identifies the torrent file based on the file or files contained within it.

        h.    Once a user has located a torrent file, the BitTorrent software processes the information in the torrent file and locates devices on the BitTorrent network that are sharing all or parts of the actual file or files that the user seeks.  The requesting computer and the sharing computer or computers then directly connect to each other over the Internet using the BitTorrent software.

4

7.      From my training and experience, I know that the National Center for Missing and Exploited Children ("NCMEC") maintains a registry listing of, among other things, the hash values of computer files containing images and videos believed to be child pornography.  NCMEC also maintains a list of those files for which law enforcement has been able to specifically identify the minors depicted.

The Investigation

8.      From my conversations with another Special Agent of the FBI (the "Agent-1") and my review of the Agent-1's records, I have learned, in substance and in part, that:

        a.      In or about February 2021, Agent-1 was using investigative software to conduct an online investigation on the BitTorrent network focused on the sharing of child pornography.

        b.      Agent-1 found a specific IP address, 74.108.75.98, (the "IP Address") that was associated with a torrent file containing a hash value associated with child pornography, d1325c0377eeaee15439b82dd6ce15fbc4203337 (the "Torrent File").  Specifically, the Torrent File referenced 36 files, at least one of which was identified as being a file of investigative interest to child pornography investigations.

        c.      On or about February 26, 2021, between approximately 11:23 and 11:37  p.m. Central Time, using a computer running BitTorrent software, Agent-1 connected to the device at the IP Address and downloaded from the IP Address the following files: (1) a file titled "(pthc) tara 8yr.mpg" ("File-1"); (2) a file titled "(pthc pedo) 2007 Tara 8 лет - папаша ссыт на дочку (педо,дети,девочки,малолетки).wmv" ("File-2"); and (3) part of a file titled, "Pthc - Tara 11Yr - part 3" ("File-3") (collectively the "Files").

9.      On or about March 29, 2021, I reviewed the Files:

        a.      File-1 is an approximately one minute and 27-second video file.  File-1 begins with a blue screen displaying text that reads, "Tara 8 years old – December 2006… this little bitch is fixing to get that little ass busted out…"  File-1 depicts a naked female child and part of a naked male.  The female child's back is to the male's penis and he appears to be penetrating her.  The male appears to adjust the camera and the camera's view changes to capture the activity from the side.

   b. File-2 is an approximately 48-second video file depicting a naked prepubescent female.  When the video begins, the female is lying in a bathtub wearing a mardi-gras-style mask on her face.  Her legs are pulled up to her head with her anus and genital area visible.  A portion of an adult male appears and he urinates on the female's face, torso and genital area.

   c. File-3 is an incomplete but playable approximately 46-second video depicting a naked female child lying on her back with her knees bent. The female is wearing a mardi-gras-style mask on her face.  Another individual appears in the video and places what appears to be a fake penis inside the child's genital area.  The individual moves the fake penis in-and-out and then in a circular motion.  The individual then removes the fake penis and uses the individual's fingers to touch the child's vaginal area and to spread open the area.  The individual then re-inserts the fake penis.

  10. On or about March 30, 2021, the hash values associated with File-1 and File-2 were submitted to NCMEC. NCMEC advised that the females depicted in both File-1 and File-2 are identified children, meaning that law enforcement has been able to specifically identify the minors depicted in the videos.

  11. I have reviewed Verizon records, which indicate, among other things that, that the subscriber of the IP Address from in or about July 13, 2020 to in or about March 25, 2021 was "Dimas Ramirez" with an address at a single-family residence in Congers, New York ("Address-1").

  12. On or about July 27, 2020, the Honorable Paul E. Davison, United States Magistrate Judge, Southern District of New York, authorized a search of Address-1 for evidence of child pornography.

  13. This morning, on April 1, 2021, I and other law enforcement officers executed the search warrant and seized various items from Address-1. Among the items seized was a black laptop computer ("Computer-1").  FBI personnel specially trained in computer forensic examinations conducted a preview of Computer-1 and discovered BitTorrent software on Computer-1, as well as more than 50 thumbnail images that appear to be images of children engaging in sexual activity.  The thumbnail images were found in Computer-1's thumbcache, which saves thumbnail images of files that have been present at some point on the computer.

      14.  DIMAS RAMIREZ, the defendant, was present at Address-1 when we arrived to execute the search warrant. RAMIREZ identified himself as a user of Computer-1 and stated that his wife also occasionally uses Computer-1.  RAMIREZ stated that he is familiar with BitTorrent and has used it for years. RAMIREZ stated that, when people are arrested for child pornography, he does "research" to see what people are getting arrested for. RAMIREZ said that this research has resulted in files containing child pornography being opened through BitTorrent. RAMIREZ said that he views the child pornography and then deletes it. RAMIREZ recalled that one occasion on which he did this type of "research" occurred in August 2020, following the arrest of a man in Suffern, New York. On that occasion, RAMIREZ saw a video of a boy with an adult penis in his mouth.

      15.  The wife of DIMAS RAMIREZ, the defendant, was present at Address-1 during the execution of the search warrant.  She stated that she uses Computer-1 occasionally.  She stated that she has never viewed child pornography and is not familiar with BitTorrent.

WHEREFORE, the deponent respectfully requests that DIMAS RAMIREZ, the defendant, be arrested and imprisoned or bailed, as the case may be.

        /s/ Kevin Gonyo (known to Court)(via FaceTime)
KEVIN GONYO
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this
__1st__ day of April, 2021

_____
THE HONORABLE PAUL E. DAVISON
United States Magistrate Judge
Southern District of New York